UNITED STATES of America,
Appellee,

v.

Juan Jose RINCON–NIETO, Appellant.

No. 08–1145.

United States Court of Appeals,
Eighth Circuit.

Submitted: May 13, 2008.

Filed: June 17, 2008.

Andrew H. Kahl, Assistant U.S. Attorney, Des Moines, IA, U.S. Attorney's Office, for Plaintiff–Appellee.

James F. Whalen, Assistant Federal Public Defender, Southern District of Iowa, Des Moines, IA, for Defendant–Appellant.

Juan Jose Rincon–Nieto, Des Moines, IA, pro se.

Before RILEY, BOWMAN, and HANSEN, Circuit Judges.

PER CURIAM.

Juan Jose Rincon–Nieto (Rincon–Nieto) pled guilty to a charge of illegal reentry by a previously deported alien, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). The presentence report determined (1) Rincon–Nieto's base offense level was 8, pursuant to U.S.S.G. § 2L1.2(a); and (2) Rincon–Nieto was subject to a 16–level increase under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because he was deported after conviction for a felony crime of violence. After a three-level reduction for acceptance of responsibility, Rincon–Nieto's total offense level was 21, and with a criminal history category of IV, his resulting sentencing range was 57–71 months. The district court [1]

---

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

1. The Honorable Robert W. Pratt, Chief Judge, United States District Court for the Southern District of Iowa.

sentenced Rincon–Nieto to 57 months imprisonment. On appeal, Rincon–Nieto contends the district court erred in finding that a State of Iowa conviction for an aggravated misdemeanor crime of domestic assault, which was subject to an enhanced sentence punishable by up to two years imprisonment based on a prior domestic assault conviction, was a felony crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii), cmt. n. 2 (defining a felony offense as "any federal, state, or local offense punishable by imprisonment for a term exceeding one year").

The Supreme Court's recent decision in *United States v. Rodriquez*, 553 U.S. ——, 128 S.Ct. 1783, 170 L.Ed.2d 719 (2008), supplies persuasive authority. In *Rodriquez*, the Court held a state enhancement based on a recidivist provision is applicable to a determination of a maximum term of imprisonment under the Armed Career Criminal Act. *Id.* at 1793. Following the *Rodriquez* reasoning, by analogy, the district court was correct in finding Rincon–Nieto's 2003 Iowa conviction for a recidivist enhanced domestic assault qualified as a crime of violence under U.S.S.G. § 2L1.2, thereby supporting the 16–level enhancement. Contrary to Rincon–Nieto's argument, a defendant's prior record of convictions is relevant to an evaluation of the seriousness of the subject state conviction. *Id.* at 1789. We affirm.